40 F.3d 1244
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Boyce Eugene ABNEY, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Henry FENDELL, Defendant-Appellant.
 Nos. 94-5351, 94-5383.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 20, 1994.
Decided Nov. 2, 1994.
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CR-93-467-A)
 Joseph J. McCarthy, Delaney, McCarthy, Powell & Colton, P.C., Alexandria, VA; C. Dean Latsios, Fairfax, VA, for appellants. Helen F. Fahey, U.S. Atty., John T. Martin, Asst. U.S. Atty., Alexandria, VA, for appellee.
 E.D.Va.
 AFFIRMED.
 Before WILKINS, HAMILTON, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 The grand jury indicted William Henry Fendell and Boyce Eugene Abney for conspiracy to utter a counterfeit obligation in violation of 18 U.S.C.A. Sec. 371 (West 1966) (Count 1); uttering a counterfeit obligation in violation of 18 U.S.C.A. Sec. 2 (West 1969), Sec. 472 (West 1976) (Count 5); and attempting to utter a counterfeit obligation in violation of 18 U.S.C.A. Secs. 2, 472 (Count 6).[1] The district court denied Abney and Fendell's motions to suppress evidence, concluding that their arrests were supported by probable cause. Abney and Fendell then entered conditional guilty pleas.[2] See Fed.R.Crim.P. 11(a)(2). They now appeal the district court's probable cause determination. Finding no error in the district court's ruling, we affirm.
 
 
 2
 We review the district court's determination of probable cause de novo and its factual findings for clear error. United States v. Williams, 10 F.3d 1070, 1074 (4th Cir.1993) (citing United States v. McCraw, 920 F.2d 224, 227 (4th Cir.1990)), petition for cert. filed, --- U.S.L.W. ---- (U.S. Mar. 1, 1994) (No. 93-9441); United States v. Rusher, 966 F.2d 868, 873 (4th Cir.), cert. denied, 61 U.S.L.W. 3285 (U.S.1992).
 
 
 3
 A public warrantless arrest is permissible provided the police have probable cause to believe a felony has been committed. McCraw, 920 F.2d at 227 (citing United States v. Watson, 423 U.S. 411 (1976)). Probable cause involves a practical, common sense determination about whether, given all the circumstances present, it is reasonably probable to a prudent man that the suspect " 'had committed or was committing an offense.' " McCraw, 920 F.2d at 227 (quoting Beck v. Ohio, 379 U.S. 89, 91 (1964)). Whether probable cause existed for the Defendants' arrests is based upon the "totality of the circumstances." Illinois v. Gates, 462 U.S. 213, 230-31 (1983).
 
 
 4
 Abney and Fendell argue that their arrests were not supported by probable cause. We disagree. The record discloses that the Secret Service had Kenneth Ray Abney under surveillance from November 30, 1993, until December 4, 1993. In the course of their investigation, the agents followed Kenneth Ray Abney as he picked up three black males. When they arrived at the Golden Corral restaurant, Kenneth Ray Abney parked the van behind the building. Fendell walked to an Amoco station and made a purchase with a $100 bill that agents concluded, based on their training and experience, was counterfeit.[3] At the same time, Boyce Eugene Abney entered the Golden Corral and tendered a $100 bill, which the restaurant manager believed to be counterfeit and which the agents confirmed was indeed counterfeit. Contrary to Abney and Fendell's assertions, the agents were not required to have evidence of their intent to pass a counterfeit obligation before making an arrest. United States v. Everett, 719 F.2d 1119, 1120 (11th Cir.1983) ("While intent is an element of the crime which must be proved at trial, it is not necessary in order to establish probable cause to arrest."), cert. denied, 465 U.S. 1037 (1984). Probable cause may be established where a counterfeit obligation is passed and the person who passed it is identified. Id.; see United States v. Hernandez, 825 F.2d 846, 849 & n. 5 (5th Cir.1987), cert. denied, 484 U.S. 1068 (1988). Given the totality of the circumstances, we find that it was reasonably probable to a prudent person that Abney and Fendell had committed an offense. See Gates, 462 U.S. at 230-31; McCraw, 920 F.2d at 227. Because Abney and Fendell's arrests were based on probable cause, the district court's denial of the motions to suppress was proper.
 
 
 5
 Accordingly, we affirm Abney and Fendell's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 Kenneth Ray Abney also was charged in the indictment against Abney and Fendell
 
 
 [2]
 Boyce Eugene Abney pled guilty to Count 6, and William Henry Fendell pled guilty to Count 5. On the Government's motion, the district court dismissed Counts 1 and 6 against Fendell and Counts 1 and 5 against Abney. The court sentenced Fendell to seven months in prison and imposed a $50 special assessment and sentenced Abney to six months in prison, ordered two years of supervised release, and imposed a $50 special assessment
 
 
 [3]
 Although Fendell claims for the first time on appeal that probable cause did not support his arrest because he was not identified as the person who passed the counterfeit $100 bill at the Amoco station until after his arrest, we do not find this argument persuasive